UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT B. HALLIDAY III**, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> **MONTY WILKINSON**, in his official capacity as Acting Attorney General of the United States, *et al.*, <br><br> Respondents. | Case No. 20-cv-3444 (CRC) |

## MEMORANDUM OPINION

Petitioners Robert B. Halliday III and Patricia M. Halliday filed this petition for a writ of mandamus to compel a federal investigation into the disappearance of their son, Private Richard K. Halliday of the U.S. Army. The Court concludes that this case must be dismissed because it is clear on the face of the petition that the Court is powerless to grant the relief petitioners seek.

**I.  Background**

The following facts are alleged in the petition. Robert and Patricia Halliday are the parents of Private Richard K. Halliday, who disappeared from the Fort Bliss military base in Texas. Redacted Pet. 2, ECF No. 2. They allege that Private Halliday's disappearance "materialized in July of 2020" and that the Army's Criminal Investigation Division ("CID") "has failed to do its most rudimentary duties" in investigating potential perpetrators behind the disappearance, including those who "may be in military uniform." Id.

Understandably experiencing "an aura of grief" and feeling "hopeless as to finding closure," id., petitioners filed this action in November 2020 against the Attorney General of the United States and the Director of the Federal Bureau of Investigation. The petition seeks an order directing respondents to "commence an immediate investigation" and to notify the Court

and petitioners of that investigation.  Id. 4.  Petitioners hope the investigation will lead to "prosecution of all the parties involved" in Private Halliday's disappearance.  Id.

In December 2020, petitioners filed an *ex parte* motion, again seeking to compel an investigation of the disappearance.

It appears from the docket that the petition has not been served on the respondents.  The respondents have not entered appearances in the case.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  A district court may dismiss a complaint under Rule 12(b)(6) on its own motion "whenever the plaintiff cannot possibly win relief."  Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994) (internal quotation marks omitted).  In deciding whether to dismiss a complaint *sua sponte* for failure to state a claim, a court "should presume that the complaint's factual allegations are true, construing them liberally in the plaintiff's favor."  Lemon v. Kramer, 270 F. Supp. 3d 125, 141 (D.D.C. 2017).

**III.    Analysis**

After carefully reviewing the petition, the Court finds it clear that petitioners cannot win any relief.  The Court will therefore dismiss the petition on its own motion under Rule 12(b)(6).

"[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  Heckler v. Chaney, 470 U.S. 821, 831 (1985).  Accordingly, a court "cannot compel a criminal investigation by any law enforcement agency by means of a writ of mandamus."  Ballance v. Peeples, No. 10-cv-0864, 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) (citing Otero v. U.S. Att'y Gen., 832 F.2d 141, 141-42 (11th Cir. 1987)).  This legal proposition is so settled that courts will invoke it

*sue sponte* to dismiss claims that "stem from [the government's] alleged failure to investigate and prosecute alleged crimes." Kidwell v. FBI, 813 F. Supp. 2d 21, 28 (D.D.C. 2011); see also Zernik v. DOJ, 630 F. Supp. 2d 24, 27 (D.D.C. 2009) ("[I]t is well established that this Court cannot order the Executive Branch to exercise its prosecutorial discretion to perform an investigation."); Whittle v. Moschella, 756 F. Supp. 589, 596-97 (D.D.C. 1991).

Here, the relief petitioners seek is a court order requiring the Attorney General and the FBI Director to investigate Private Halliday's disappearance. This is precisely the type of mandamus petition that other courts in this district have found appropriate for *sua sponte* dismissal. See, e.g., Kidwell, 813 F. Supp. 2d at 28; Zernik, 630 F. Supp. 2d at 27; Whittle, 756 F. Supp. at 596-97. While the Court sympathizes with petitioners and does not doubt the sincerity of their convictions, it must conclude that they "cannot possibly win relief." Best, 39 F.3d at 331.

### IV. Conclusion

For the foregoing reasons, the Court will dismiss the petition and deny petitioners' *ex parte* motion. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: February 11, 2021